United States Court of Appeals,

Eleventh Circuit.

No. 95-5375.

Non-Argument Calendar.

Theodore WILLIAMS, Petitioner-Appellant,

v.

Harry K. SINGLETARY, Respondent-Appellee.

July 29, 1997.

Appeal from the United States District Court for the Southern District of Florida (No. 91-8542-CV-NCR), Norman C. Roettger, Jr., Judge.

Before ANDERSON, BLACK and CARNES, Circuit Judges.

ON SUGGESTION FOR REHEARING EN BANC

PER CURIAM.

As no member of this panel, nor any other judge in regular active service on this Court, has requested that this Court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; 11th Cir. Rule 35-5), the suggestion of rehearing en banc is DENIED. However, the panel modifies its original panel opinion, published at 114 F.3d 177 (11th Cir.1997), into two respects. First, we delete the second paragraph before the conclusion (which begins "The error in Williams' reasoning ..."). Second, we add the following paragraph to our discussion.

Williams argues for the first time on rehearing that the *Smith v. Kelso,* 863 F.2d 1564 (11th Cir.1989), four-step analysis for determining whether a defendant's non-severed trial was fundamentally unfair has been supplanted by the decision in *Zafiro v. United States,* 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Williams asserts that *Zafiro* sets forth a new standard for determining when a refusal to sever rises to the level of prejudicial error, and that standard is to be applied by federal courts reviewing state court judgments in 28 U.S.C. § 2254 proceedings. However, *Zafiro* was not a habeas case. Instead, it involved a direct appeal of a federal criminal conviction in which the Supreme Court examined Rule 14, Fed.R.Crim.P., and established a standard for determining when that rule requires severance. *See id.* at 539, 113 S.Ct. at 938. Of

course, Rule 14 does not apply to state courts, and it is not at all clear that *Zafiro* establishes a rule of constitutional law to be applied to state court judgments in § 2254 proceedings. We have no need to decide that issue in the present case, because Williams never made that argument in the district court; instead, he based his argument there upon the *Smith* standard. Nor did he make such an argument in this Court before we issued our decision.